A09A1270. WIRTH v. CACH, LLC.
(685 SE2d 433)

MILLER, Chief Judge.

In this action on an open account, we granted Donald Wirth's application for an interlocutory appeal to review whether the trial court erred in granting summary judgment in favor of Cach, LLC ("Cach") on its claim to recover past due sums under a credit card account agreement Wirth allegedly entered into with Providian National Bank ("Providian"). Wirth appeals, arguing that Cach was not entitled to summary judgment because the record failed to include or reference a written assignment proving that Cach was the real party in interest, as assignee of Providian. Finding that Cach failed to show that it was entitled to file suit to recover the outstanding debt against Wirth, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." (Citation and punctuation omitted.) *Rabun v. McCoy*, 273 Ga. App. 311 (615 SE2d 131) (2005). "We review the grant or denial of summary judgment de novo, construing

the evidence in favor of the nonmovant." Id.

So viewed, the evidence shows that Cach, alleging it was the assignee of Providian, brought this suit to collect the principal amount of $2,310.72 owed on a credit card account agreement allegedly entered into by Wirth and Providian. Attached to the complaint was a standard cardmember agreement entitled "PROVIDIAN NATIONAL BANK VISA AND MASTERCARD ACCOUNT AGREEMENT." Wirth filed an answer to the complaint, in which he asserted that Cach was not the real party in interest (OCGA § 9-11-17 (a)) and also filed a counterclaim under the Fair Debt Collection Practices Act. 15 USCS § 1692e. Thereafter, Cach filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law on its complaint. Attached to its motion was an affidavit from Tiffany Corrales, who identified herself as an authorized agent of Cach and business records custodian of its credit card accounts, including that belonging to Wirth. Corrales stated that Providian "assigned all rights and interests of [Wirth's account] to [Cach]." Cach also moved for partial summary judgment on Wirth's counterclaim, arguing that Wirth failed to prove any genuine issue of fact to support such claim. Finding "no genuine issues of material fact and [that] Cach is entitled to judgment as a matter of law," the trial court granted Cach's motion for summary judgment and entered judgment in its favor and against Wirth in the principal sum of $2,310.72, plus interest, attorney fees and court costs. The trial court also granted Cach's motion for partial summary judgment and dismissed Wirth's counterclaim with prejudice.

Wirth argues that the trial court's order was not supported by any evidence of a written assignment to prove that Cach was the real party in interest. We agree.

"The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. [Cit.]" *Scott v. Cushman & Wakefield of Ga., Inc.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001); OCGA § 9-2-20 (a). "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee." (Punctuation and footnote omitted.) *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 8 (679 SE2d 57) (2009). Further, the writing "must identify the assignor and assignee." (Footnote omitted.) Id. To prevail on its motion for summary judgment, Cach, as movant, has the burden of "establishing the non-existence of any genuine issue of fact," including Wirth's assertion that Cach is not the real party in interest, and "all doubts are to be resolved against [Cach]." (Citation and punctuation omitted.) *Sawgrass Builders v. Key*, 212 Ga. App. 138 (1) (441 SE2d 99) (1994).

Here, Cach relies on the Corrales affidavit to show that Providian assigned to it "all rights and interests [to Wirth's account]." The affidavit, however, fails to refer to or attach any written agreements which could complete the chain of assignment from Providian to Cach. Further, the account invoices upon which Corrales relies reflect that Wirth's account was with Washington Mutual Card Services ("Washington Mutual"), not Providian or Cach. And no competent evidence exists to establish the relationship between Washington Mutual and either Providian or Cach.

Although Cach contends that Wirth did not raise Cach's failure to present a valid assignment in the trial court, the record reflects that issue was squarely before the trial court. Cach directly addressed Wirth's defense under OCGA § 9-11-17 in its motion for summary judgment, referring to the Corrales affidavit to show that it was Providian's assignee. Further, in a motion to compel and for sanctions based on Cach's alleged failure to respond to his request for interrogatories and request for production of documents, Wirth argued that Cach had failed to provide documents and information relevant to show Cach's standing that would either contradict or confirm Corrales' affidavit. For example, Wirth's discovery request sought, among other things, information as to the date of the assignment, parties to, and individuals executing the assignment, and the exact amount of monetary consideration paid for the assignment, and documents reflecting "[a]ll assignments and transfers of the debt complained of in [the] complaint" as well as those "under which [Cach] claim[s] standing as the plaintiff and real party in interest in this action." Thereafter, Cach filed a response to Wirth's discovery requests, referring to a Bill of Sale to show the "sale of accounts from Washington Mutual (who purchased Providian) to [Cach]." The Bill of Sale provides:

> Washington Mutual Bank, for value received and in accordance with the terms of the Purchase and Sale Agreement by and between Washington Mutual Bank and CACH, LLC ("Purchaser"), dated as of August 25, 2006 (the "Agreement"), does hereby sell, assign, and transfer to Purchaser, its successors and assigns, all right, title, and interest in and to the Accounts listed in the Account Schedule attached (as may be amended in accordance with the Agreement) at Appendix A to the Agreement[.]

To the extent that the trial court may have relied on this document to find a valid assignment between Providian and Cach of the subject account, the Bill of Sale contradicts Corrales' affidavit in that it refers to accounts assigned from Washington Mutual to Cach

while Corrales' affidavit alleges a valid assignment of Wirth's account from Providian to Cach. Moreover, there is no contract or Appendix A appended to the Bill of Sale which identifies Wirth's account number as one of the accounts Washington Mutual assigned to Cach. The record is also devoid of any evidence which reflects that Washington Mutual purchased Providian to support the chain of assignment to Cach. See *Ponder v. CACV of Colorado, LLC*, 289 Ga. App. 858, 859 (658 SE2d 469) (2008) (record was devoid of evidence supporting CACV's allegation that it was the successor in interest to Fleet Bank's right to recover any outstanding debt from Ponder).

Given the foregoing, we conclude that "[t]his evidence, even together with the reasonable inferences from it, was insufficient to establish all essential elements of [Cach's] case." *Nyankojo*, supra, 298 Ga. App. at 10. We therefore reverse the trial court's order granting summary judgment in favor of Cach.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 15, 2009.

*William R. Carlisle*, for appellant.
*Fred J. Hanna, James T. Freaney*, for appellee.