## A10A2068. HUTTO v. CACV OF COLORADO, LLC.

(707 SE2d 872)

DOYLE, Judge.

CACV of Colorado, LLC, filed suit against Tammy E. Hutto to collect past due sums under the terms of a Mastercard/Visa credit card agreement. The trial court granted summary judgment to CACV, and Hutto appeals, arguing that CACV (1) failed to establish a valid legal contract between Hutto and CACV's predecessor; and (2) failed to demonstrate that CACV had standing to sue Hutto as an assignee of any debt she owed. We reverse, for reasons that follow.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A defendant moving for summary judgment may put forth evidence to show that there is no issue of fact as to one or more elements of the plaintiff's causes of action or demonstrate that the record lacks sufficient evidence to support one or more of the plaintiff's causes of action. We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant.[1]

So viewed, the record shows that on August 8, 2005, CACV, alleging that it was the successor-in-interest of Chase Manhattan Bank, filed suit to collect the principal amount of $29,031.83 (plus accrued interest and additional pre-judgment interest) owed on a credit card agreement allegedly entered into by Hutto and Chase Manhattan Bank. Attached to the complaint was a standard cardholder agreement entitled "CHASE VISA/MasterCard CREDIT AGREEMENT," which stated that the term "we" referenced in the agreement referred to "The Chase Manhattan Bank (USA)"; Hutto's name did not appear in the agreement. Hutto filed an answer to the complaint, in which she denied the alleged debt and requested

---

[1] (Citations and punctuation omitted.) *Koncul Enterprises v. Fleet Finance*, 279 Ga. App. 39 (630 SE2d 567) (2006). See OCGA § 9-11-56 (c).

validation thereof under the Fair Debt Collection Practices Act.

On December 22, 2005, CACV filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law. Attached to the motion was an affidavit from John Becker, who identified himself as an agent for CACV with personal knowledge of the matters stated therein. Becker averred that he had reviewed CACV records, which indicated that Hutto owed $29,031.83 plus accrued interest in the amount of $11,832.29, under the terms of a credit card agreement with Chase Manhattan Bank. Also attached to the motion was a document entitled "Affidavit of Sale," which was signed by Robert Watson, an assistant vice president for JP Morgan Chase & Co. Watson averred that Hutto

> had a credit card account with JP Morgan Chase & Co., account [. . . 5639]. The account was sold and transferred to CACV of Colorado, LLC on 7/30/2003. . . . At the time of the sale to CACV of Colorado, LLC, the amount due on the account pursuant to the terms of the cardholder agreement between JP Morgan Chase & Co. and TAMMY E. HUTTO was $29,031.83. . . . Your deponent acknowledges that in [sic] making this affidavit that CACV of Colorado, LLC is now the owner of said account, and is authorized to collect, settle, adjust, compromise[,] and satisfy the same and that JP Morgan Chase & Co. has no further interest in said account for any purpose.[2]

On March 27, 2006, the trial court granted summary judgment to CACV in the amount sought, plus attorney fees in the amount of $3,741.08. Thereafter, on December 28, 2009, Hutto filed a motion to set aside the judgment, alleging that she never received a copy of the motion for summary judgment, nor did she receive a copy of the order.[3] Attached to the motion were affidavits from Hutto, her husband, and her son, averring that they never received a copy of the summary judgment motion, discovery, or the judgment. On April 29, 2010, following a hearing, the trial court entered an order setting aside the March 2006 judgment and again granting summary judgment to CACV.[4] Hutto appeals the grant of summary judgment.

1. Hutto argues that the trial court erred by granting summary judgment to CACV because CACV failed to establish that it was a

---

[2] (Emphasis omitted.)

[3] According to Hutto, she did not learn about the judgment until she received a letter dated September 14, 2009, from an attorney seeking to collect the judgment.

[4] The order specifically noted that the court's case file lacked a certificate of service or any other indication that Hutto was provided with a copy of the judgment.

real party in interest with the right to sue Hutto to collect sums due under the cardholder contract. We agree.

In Georgia, "[a]s a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."[5]

> A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee. Further, the writing must identify the assignor and assignee. To prevail on its motion for summary judgment, [CACV], as movant, has the burden of establishing the non-existence of any genuine issue of fact, including [Hutto's] assertion that [CACV] is not the real party in interest, and all doubts are to be resolved against [CACV].[6]

Here, CACV relies on the Watson affidavit to show that Chase Manhattan Bank assigned its rights to and interests in Hutto's account.[7] But Watson, an assistant vice president of JP Morgan Chase & Co., states that Hutto's account with *JP Morgan Chase & Co.* was sold to CACV. Watson's affidavit contains no mention of *Chase Manhattan Bank*. Thus, this document is insufficient to establish a valid assignment of rights from Chase Manhattan to CACV.[8]

On appeal, CACV also relies on a document entitled "Bill of Sale," which appears in the record as an apparent attachment to CACV's response to Hutto's motion to set aside the judgment; the Bill of Sale is not included as an exhibit or attachment to CACV's summary judgment motion. Pretermitting whether CACV may rely on a document that was not filed in support of its motion for summary judgment, the Bill of Sale does not constitute sufficient evidence of a valid assignment between Chase Manhattan Bank and

---

[5] OCGA § 9-2-20 (a).

[6] (Citations and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009).

[7] On appeal, CACV also notes that "[t]he [r]ecord does not show the filing of any response by [Hutto] to [CACV's] Request for Admissions," and states that Hutto "ignores [her failure] to deny the [a]dmissions of [CACV] as to the correctness of the . . . assignment of the account. . . ." But, although the record contains a certificate of service showing that CACV served Hutto with requests for admissions, the requests themselves are not in the record. Thus, CACV's apparent argument that Hutto has effectively admitted the assignment of the account is without merit.

[8] See id. at 490.

CACV. The Bill of Sale provides:

> FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Credit Card Account Purchase Agreement between Chase Manhattan Bank USA, National Association ("Seller") and CACV of Colorado, LLC ("Purchaser"), dated as of July 30, 2003, Seller does hereby sell, assign[,] and convey to Purchaser, its successors[,] and assigns, all right, title[,] and interest of Seller in and to those certain accounts described in Exhibit "A" attached hereto and made a part hereof for all purposes.

CACV did not file a supporting affidavit authenticating the Bill of Sale.[9] Furthermore, the Bill of Sale stated that it was assignment of "certain accounts" listed in "Exhibit A"; there is no document attached thereto labeled "Exhibit A," and the document immediately following the Bill of Sale in the record appears to be a statement to Hutto, not a list of accounts.[10] Finally, the Bill of Sale contradicts the Watson affidavit, which states that JP Morgan Chase & Co., not Chase Manhattan Bank, sold its rights to Hutto's account to CACV.[11]

Under these circumstances, we conclude that "[t]his evidence, even together with the reasonable inferences from it, was insufficient to establish [a valid assignment of rights to CACV]."[12]

2. In light of our holding in Division 1, we need not address Hutto's remaining enumeration.

3. In its response brief, CACV argues that the trial court erred by setting aside the 2006 judgment because Hutto's motion to set aside was untimely. But because CACV did not file a cross-appeal raising this argument, the issue is not before us and will not be considered.[13]

4. Hutto's motion to strike CACV's amended brief is denied as moot.

*Judgment reversed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 16, 2011.

---

[9] See *Yates v. CACV of Colorado*, 303 Ga. App. 425, 431 (1) (693 SE2d 629) (2010).

[10] See id.

[11] There is no evidence in the record connecting JP Morgan Chase & Co. with Chase Manhattan Bank.

[12] *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 10 (679 SE2d 57) (2009). See also *Yates*, 303 Ga. App. at 431 (1); *Wirth*, 300 Ga. App. at 491; *Ponder v. CACV of Colorado*, 289 Ga. App. 858, 859-860 (658 SE2d 469) (2008).

[13] See OCGA § 5-6-38 (a); *Carter v. Murphey*, 241 Ga. App. 340, 343 (1) (526 SE2d 149) (1999).

*Lawrence A. Silverman*, for appellant.
*Arthur C. Nilsen*, for appellee.