A11A0142. BENSON v. ASSET ACCEPTANCE, LLC.

(712 SE2d 83)

SMITH, Presiding Judge.

This appeal results from our grant of Sandra Benson's application for interlocutory review of the trial court's denial of her summary judgment motion in a suit on open account brought against her by Asset Acceptance, LLC ("Asset Acceptance"), as assignee of Citibank, U.S.A., N.A. ("Citibank USA"). Benson contends that she was entitled to summary judgment in her favor because Asset Acceptance failed to present evidence showing that it was a real party in interest entitled to bring this suit against her. We agree and therefore reverse.

> The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee. Further, the writing must identify the assignor and assignee.

(Citations and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009). In this case, the record shows that Citibank (South Dakota), N.A. ("Citibank South Dakota") issued a Diner's Club credit card to Benson. It also shows that Citibank USA assigned its rights under certain accounts to Asset Acceptance. It fails to demonstrate, however, that Citibank South

Dakota assigned its rights in Benson's account to Citibank USA or that Citibank USA otherwise acquired the rights to Benson's account with Citibank South Dakota.[1] Accordingly, the trial court erred by denying Benson's motion for summary judgment grounded upon a lack of evidence that Asset Acceptance was the real party in interest. *Hutto v. CACV of Colorado*, 308 Ga. App. 469 (1) (707 SE2d 872) (2011); *Green v. Cavalry Portfolio Svcs.*, 305 Ga. App. 843, 844 (700 SE2d 741) (2010); *Wirth*, supra, 300 Ga. App. at 489-491.

*Judgment reversed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 15, 2011.

*Cohen, Pollock, Merlin & Small, Anna M. Humnicky, Kevin T. O'Sullivan*, for appellant.

*Michael S. Peskin, James T. Freaney*, for appellee.

---

[1] Asset Acceptance submitted an affidavit from one of its lawyers stating that he found a public record during "research" titled "Community Reinvestment Act Performance Evaluation." A portion of this 11-page document states, "Then, Citibank USA acquired all of the . . . Diner's Club activities of affiliate Citibank (South Dakota), N.A." We cannot rely on the hearsay within this unauthenticated document to establish that Citibank USA acquired an interest in Benson's Diner's Club account held by Citibank South Dakota. See *McKinley v. State*, 303 Ga. App. 203, 208 (2) (692 SE2d 787) (2010). "Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment." (Citation, punctuation and footnote omitted.) *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (2) (656 SE2d 222) (2008).