### A11A1773. HOSCH v. COLONIAL PACIFIC LEASING CORPORATION.
(722 SE2d 778)

MCFADDEN, Judge.

Colonial Pacific Leasing Corporation filed suit against Edward Hosch to collect money owed after Hosch had defaulted on four loans. After the parties filed opposing motions for summary judgment, the trial court granted summary judgment in favor of Colonial and entered final judgment against Hosch in the principal amount of $183,951, plus interest and attorney fees. Hosch appeals, but because the evidence shows no genuine issue of material fact and that Colonial Pacific is entitled to judgment, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Robinson v. Global Resources*, 300 Ga. App. 139 (684 SE2d 104) (2009).

So viewed, the evidence shows that between May 2006 and April 2008, Hosch entered into four loan agreements with Citicapital Commercial Corporation to finance the purchase of heavy construction equipment. In August 2008, Citicapital merged into Citicorp Leasing, Inc., which then changed its name to GE Capital Commercial, Inc. A year later, in August 2009, GE Capital transferred the loans to Colonial. Hosch defaulted under the loans, after which Colonial served a notice of default and demanded payment.

1. Hosch claims that the trial court erred in denying his motion for summary judgment on the ground that Colonial is not the real party in interest. However, summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection because such an objection is a matter in abatement that does not go to the merits of the action. *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 886 (655 SE2d 605) (2008).

2. Hosch contends that the trial court erred in granting Colonial's motion for summary judgment because there is no evidence that the contracts were assigned to Colonial. However, the contention is refuted by the record, which includes affidavits of a GE litigation specialist, a written assignment and other documents establishing that Hosch's four loans were assigned to Colonial. Hosch has presented no contradictory evidence showing that the loans were not assigned to Colonial, and instead submitted his own affidavit stating that he had not been notified of any such assignment. However, the loan agreements expressly provide that the lender may transfer or assign any or all of its rights under the agreements without notice to or the consent of Hosch.

"A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee." (Citations and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009). Because the record, as noted above, contains a written assignment of the loans to Colonial, as well as other evidence of the assignment, the trial court did not err in granting summary judgment to Colonial. Compare *Hutto v. CACV of Colorado*, 308 Ga. App. 469, 471-472 (1) (707 SE2d 872) (2011) (no evidence of assignment of credit card agreement).

3. Hosch's further claim that the trial court erroneously made a sua sponte award of damages to Colonial is without merit. Contrary to Hosch's claim, the trial court's award was not made sua sponte, but was made pursuant to Colonial's specific request in its motion

for summary judgment for damages in the principal amount of $183,951, plus interest and attorney fees. The amounts requested were supported by affidavit evidence, and Hosch has failed to point to any other evidence in the record creating a genuine issue of material fact as to the damages alleged and proved by Colonial. Accordingly, "the trial court did not err in granting summary judgment based on the evidence contained therein." (Citations omitted.) *Boyd v. Calvary Portfolio Svcs.*, 285 Ga. App. 390, 392 (1) (646 SE2d 496) (2007).

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 2, 2012 — 

*Gray Chamberlin, William E. Gray II*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, Ted W. Hight III*, for appellee.