**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 18, 2012**

# In the Court of Appeals of Georgia

A12A0608. HERITAGE CONSTRUCTION CORPORATION et al.
v. STATE BANK AND TRUST COMPANY.

PHIPPS, Presiding Judge.

State Bank and Trust Company filed suit against Heritage Construction Corporation, Burnt Bridge at Settendown Creek, LLC, and Raymond Moss, (collectively, "Heritage Construction"), to collect money owed after Heritage Construction defaulted on three loans. State Bank filed a motion for summary judgment, which the trial court granted. Heritage Construction now appeals, contending that the trial court erred in granting State Bank's motion for summary judgment because State Bank failed to show a complete chain of assignments for the loans in order to have standing to file suit, and therefore, an issue of fact remains

whether State Bank is the real party in interest. We find no merit to Heritage Construction's claim and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that Moss signed, on behalf of Burnt Ridge, a promissory note and personal guaranty agreement for a loan. Moss also signed, on behalf of Heritage, promissory notes and personal guaranty agreements for two loans. First National Bank of Forsyth County was the original lender on the three notes. First National, however, became part of The Buckhead Community Bank and The Forsyth Community Bank, and Moss executed new promissory notes and personal guaranty agreements for the loans; the documents showed The Buckhead Community Bank d/b/a The Forsyth Community Bank as the lender, Burnt Ridge and Heritage as the borrowers, and Moss as the guarantor.

---

[1] *Hosch v. Colonial Pacific Leasing Corp.*, __ Ga. App. __ (722 SE2d 778) (Case No. A11A1773, decided February 2, 2012) (citation omitted).

2

The Buckhead Community Bank d/b/a The Forsyth Community Bank closed and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver for The Buckhead Community Bank. The FDIC, as receiver, then executed a Receiver's Assignment of Loan Documents, assigning the loans to State Bank, and State Bank filed the instant action to recover the amounts owed on the loans.

Heritage Construction argues that State Bank has not shown a complete chain of assignments because it failed to provide affidavits from the original lenders, First National Bank of Forsyth County or The Buckhead Community Bank. Heritage Construction further argues that aside from the Receiver's Assignment of Loan Documents, no documentation shows that the Georgia Department of Banking and Finance closed The Buckhead Community Bank or appointed the FDIC as receiver for the assets and liabilities of The Buckhead Community Bank, and thus no privity of contract between State Bank and the original lenders was shown.

To support its position, Heritage Construction cites *Wirth v. Cach*[2] and *Ponder v. CACV of Colorado*[3] for the proposition that a "statement alone" in an affidavit which was submitted to the trial court by a State Bank custodian of records was

_____

[2] 300 Ga. App. 488 (685 SE2d 433) (2009).

[3] 289 Ga. App. 858 (658 SE2d 469) (2008).

3

insufficient evidence to provide standing to bring this action. The statement at issue was that "[State Bank] acquired certain assets [of] The Buckhead Community Bank d/b/a . . . First National Bank of Forsyth County and/or First National Bank of Forsyth County from the FDIC, including the Note[s] and Guarant[ies]."

"A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee."[4] Notwithstanding, "a party may make admissions in judicio in their pleadings, motions and briefs. What a party admits to be true in its pleadings may not subsequently be denied."[5]

Here, Moss executed an affidavit in which he stated that the original "banks failed and were taken over by the Federal Deposit Insurance Corporation." Further, in its brief filed in response to State Bank's motion for summary judgment, Heritage Construction stated that "Mr. Moss was in the process of modifying the contracts that give rise to this matter with the First National Bank of Forsyth County and The Buckhead Community Bank d/b/a The Forsyth Community Bank. . . . [w]hen the

---

[4] *Hosch*, supra at (2) (citation and punctuation omitted).

[5] *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196-197 (1) (2011) (citations and punctuation omitted).

banks failed and were taken over by the Federal Deposit Insurance Corporation. . . ." Further, it was Moss who deposed that First National had became part of The Buckhead Community Bank and The Forsyth Community Bank. These factual admissions in judicio made by Heritage Construction in its trial court brief and by Moss in his affidavit and deposition are binding.[6] The FDIC, by its Receiver's Assignment of Loan Documents, ultimately assigned the loans to State Bank.

Moreover, contrary to Heritage Construction's claim, the exhibits on which State Bank relied in support of its motion for summary judgment evidenced a complete chain of assignments. This evidence included the promissory notes and personal guaranty agreements that Moss executed before and after First National became part of The Buckhead Community Bank (and The Forsyth Community Bank); the Receiver's Assignment of Loan Documents, which listed the FDIC as receiver for The Buckhead Community Bank and showed that the FDIC (as receiver for The Buckhead Community Bank) assigned the loans to State Bank; and the affidavit from State Bank's custodian of record which provided that State Bank acquired from the FDIC the notes and guaranties of The Buckhead Community Bank and/or First

_____

[6] Id.

5

National Bank of Forsyth County.[7] "Accordingly, the trial court did not err in finding that there was a valid assignment of the loan[s] to [State Bank]."[8]

The facts in *Wirth*[9] are distinguishable from this case. In *Wirth*, the creditor submitted on summary judgment an affidavit which purported to show that the account had been assigned to it, but the affidavit failed to "refer to or attach any written agreements which could complete the chain of assignment" to the creditor who had filed suit, and there was no competent evidence establishing the assignment.[10] The facts of *Ponder*[11] are also distinguishable. In *Ponder*, summary judgment for the bank was not authorized because the record was "totally devoid of any evidence supporting" an assignment of a debt.[12] In this case, the affidavit by State Bank's custodian of records referred to and included a copy of the Receiver's Assignment of

---

[7] See id. at 197-198 (1) (2) (affidavit of representative of bank that was assigned loan and other evidence, was sufficient to establish that bank had acquired the note and deed for valuable consideration by assignment from the FDIC, as receiver for original failed bank).

[8] Id.

[9] Supra.

[10] *Wirth*, supra at 490.

[11] Supra.

[12] *Ponder*, supra at 859-860.

6

Loan Documents; and the appellate record contained other evidence in support of the motion. Therefore, Heritage Construction's arguments are without merit and the trial court's judgment is affirmed.

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*