**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 26, 2012**

# In the Court of Appeals of Georgia

A12A0045. MCINTIRE et al. v. PERKINS.

MCFADDEN, Judge.

Michelle and Timothy McIntire sued Misty Perkins for damages arising from the total loss of their vehicle after a collision. Among other things, the McIntires sought to recover damages "related to their contract with Honda Financial Services regarding the original loan to finance [their] wrecked vehicle in the amount of $9,294.90." The trial court granted partial summary judgment to Perkins as to that claim. The McIntires appeal, challenging the trial court's summary judgment ruling. But because the McIntires had already been compensated for the fair market value of their vehicle and they are not entitled to damages in excess of that value, we affirm the trial court's ruling.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hutto v. CACV of Colo.*, 308 Ga. App. 469 (707 SE2d 872) (2011). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id. So construed, the evidence shows that on November 25, 2008, Michelle McIntire was stopped at a red light in her family's van when Perkins ran into the back of it with her vehicle. As a result of the collision, the McIntires' vehicle was deemed a total loss and they received insurance proceeds of approximately $23,000 for the fair market value of the vehicle. At the time of the collision, the McIntires were "upside-down" on the loan they had taken out to finance the vehicle, owing more than the van was worth, with a difference of $9,294.90 between the fair market value and the outstanding loan balance.

The McIntires argue that even though they have been fully compensated for the fair market value of the van, they are also entitled to recover the amount of their loan deficiency from Perkins. However, it is well settled that "'[t]he measure of damages for the total loss of a vehicle is limited to the difference in the fair market value immediately before and after the accident. [Cit.]" *Flynn v. Mack*, 259 Ga. App. 882, 884 (3) (578 SE2d 488) (2003). Such damages "cannot exceed the fair market value

of the automobile prior to the collision and place the plaintiff in a position superior to that which he previously held." *Sykes v. Sin*, 229 Ga. App. 155, 158 (1) (493 SE2d 571) (1997). If the McIntires were compensated for their loan deficiency amount in addition to the fair market value amount that they have already received, they would be improperly placed in a position superior to that which they previously held; recovering total damages of $32,294.90 for a vehicle that was only worth approximately $23,000 prior to the collision.

The McIntires have cited no cases that allow for such recovery beyond the fair market value of the vehicle, and instead argue that they are entitled to have Perkins pay their loan deficiency as consequential damages. "Consequential damages are those which are the necessary and connected effect of a tortious act, even though they are to some extent dependent upon other circumstances." OCGA § 51-12-3 (b). However, "[i]f the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8. Indeed, damages "which are not [an act's] legal and natural consequence[] are too remote and contingent to be recovered." OCGA § 51-12-9.

Here, the existence of the McIntires' outstanding vehicle loan amount is not the legal and natural consequence of the collision with Perkins. Rather, that loan existed prior to the collision and, as the McIntires state in their complaint, is a matter of contract between them and their lender. Thus, even if that existing loan deficiency could somehow be deemed to be a possible result of some act by Perkins, other circumstances preponderated in causing that deficiency, rendering it too remote and contingent to be recovered as consequential damages. See *Broadfoot v. Aaron Rents*, 200 Ga. App. 755, 758 (3) (409 SE2d 870) (1991) (no recovery for damage to credit reputation where plaintiff was already in financial trouble before defendant's wrongful conduct, which was at best a remote cause of any such injury).

We note that the McIntires' reliance on cases involving loan deficiencies in the context of a borrower and lender relationship is misplaced. Those cases simply recognize that after a lender repossesses a vehicle due to a borrower's failure to make payments, the lender still retains its contractual and statutory rights to recover any remaining loan deficiency. See *Beacham v. Calvary Portfolio Svcs*., 304 Ga. App. 37 (695 SE2d 368) (2010); *Parham v. Peterson, Goldman & Villani*, 296 Ga. App. 527 (675 SE2d 275) (2009); *Consumer Portfolio Svcs. v. Rouse*, 282 Ga. App. 314 (638 SE2d 442) (2006). There is no such statutory or contractual right of recovery in the

4

instant tort case. The courts have no authority to grant an unrecognized right of recovery; rather, "[t]hat is a matter for the legislature. [Cit.]" *Lumpkin v. Mellow Mushroom*, 256 Ga. App. 83, 85 (567 SE2d 728) (2002).

Accordingly, the trial court did not err in granting summary judgment to Perkins on the McIntires' claim seeking to recover damages for their loan deficiency. See generally *Hoeflick v. Bradley*, 282 Ga. App. 123, 126 (2) (637 SE2d 832) (2006) (trial court correctly granted summary judgment as to consequential damages claim for "ruined vacation" allegedly arising from motor vehicle collision).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*