[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15487
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02465-RWS


CHRISTY EDWARD,
GERALD CHINNAPPAN,

                                                          Plaintiffs-Appellants,

versus


BAC HOME LOANS SERVICING, L.P.,
CTX MORTGAGE COMPANY, L.L.C.,
BANK OF NEW YORK MELLON,
Trustee for CWABS, Inc. Asset-Banked
Certificates Series 2007-8, et al.,

                                                          Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Christy Edward and Gerald Chinnappan (together, "Plaintiffs"), proceeding *pro se*, appeal the district court's dismissal of their 11-claim complaint. They also appeal the district court's denial of their motion for leave to amend. Plaintiffs allege that in May 2007, a promissory note ("the Note") was transferred to CW ABS, Inc. Asset-Backed Certificates Trust 2007-8 ("CWABS"). CWABS securitized the loan and appointed Bank of New York Mellon ("BONYM") as trustee. BAC Home Loans Servicing, LP, and Bank of America, N.A. (together, "BOA"), subsequently began servicing the trust for BONYM. In May 2010, the security deed ("the Deed") was transferred from Mortgage Electronic Registration Systems, Inc. ("MERS") to BONYM by Andrew Shuping, Jr., a partner at the Law Offices of Shuping, Morse & Ross LLP.

In March 2011, BOA notified Plaintiffs that their loan was in foreclosure based on missed payments and that they owed a total of $305,301. In order to reinstate their loan, Plaintiffs were required to make a payment of $29,903.16. Instead of making the reinstatement payment, Plaintiffs sent a notice to BOA, offering to tender $305,500 in exchange for the title to their property. Plaintiffs stated that they would tender the amount by bank transfer, check, money order, or any other preferred form of tender at a proposed March 30, 2011 meeting.

2

Plaintiffs filed their original complaint in state court.  BOA and BONYM (together, "Bank Defendants") removed the case to federal court.  Plaintiffs filed their First Amended Complaint in August 2011.  Bank Defendants filed a motion to dismiss the First Amended Complaint in November 2011.  Plaintiffs filed a motion for leave to amend their complaint in April 2012.  In their proposed Second Amended Complaint, they included 14 new claims, most of which incorporated each preceding paragraph.

A magistrate judge issued a report and recommendation (R&R) recommending that the motion to dismiss be granted in part, and denied in part as to two issues: (1) whether Bank Defendants provided proper notice of the foreclosure sale by identifying the secured creditor; and (2) the effect of Plaintiffs' offer of tender.  The magistrate also recommended denying Plaintiffs' motion for leave to amend on the basis that it was futile and a shotgun pleading.

The district court found that Bank Defendants provided proper notice based on the foreclosure notice that was filed in Bank Defendants' objections to the R&R.  The district court dismissed Plaintiffs' claims in full without further discussion, and denied their motion for leave to amend.

On appeal, Plaintiffs state that all of their causes of action are based on the fraudulent and forged assignment made by Shuping.  They argue that Bank

3

Defendants do not have the legal right to foreclose on the property because they do not have a valid interest in the Note or the Deed.

Plaintiffs also maintain that the district court erred in denying their motion for leave to amend their complaint. They argue that they only intended to add claims alleging federal violations that were not in their First Amended Complaint.

Finally, Plaintiffs argue that the record shows that they made a valid offer to tender, to which Bank Defendants did not respond. They assert that Bank Defendants were given adequate notice of their intent to fully tender the remaining balance of the loan.

## I.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011). Although the complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). "*Pro se* pleadings are held to a

less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Georgia Code, "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a). In *Montgomery v. Bank of America*, the Georgia state appellate court explained that the plaintiff's claims were based on two allegations: (1) that MERS had no legal interest with respect to the promissory note or security deed, and no interest to assign to the defendant bank; and (2) that the assignment made by MERS was done so improperly. *Montgomery v. Bank of America*, 740 S.E.2d 434, 436 (Ga. Ct. App. 2013). The court concluded that because the assignment of the deed was contractual, the plaintiff lacked standing to contest its validity because he was not a party to the assignment. *Id.* at 438 (citing O.C.G.A. § 9-2-20(a)).

Because Plaintiffs state that all of their claims are based on the alleged invalid transfer of the Deed to BONYM made by Shuping, we address whether Plaintiffs have sufficiently alleged any legal claims based on that transfer. Plaintiffs allege that the transfer violated the pooling and servicing agreement ("PSA") for the trust, and that Shuping did not have the proper authority to execute the transfer. However, Plaintiffs are not a party to the PSA or to the challenged

5

transfer, and, therefore, do not have standing to contest the validity of the transfer under the Georgia Code.  *See Montgomery*, 740 S.E.2d at 438; O.C.G.A. § 9-2-20(a).  Thus, the district court properly dismissed the claims based on the transfer.

## II.

We review the district court's denial of a motion for leave to amend a pleading for abuse of discretion.  *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007).  We have held that a district court has great discretion when deciding whether to grant a motion for leave to amend a complaint following the filing of responsive pleadings.  *Lowe's Home Ctrs. v. Olin Corp.*, 313 F.3d 1307, 1314-15 (11th Cir. 2002).  Futility justifies the denial of leave to amend where the proposed amended complaint would be subject to dismissal.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

The failure to identify which allegations of fact are intended to support which claims for relief with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading."  *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  An example of a shotgun pleading is a pleading that incorporates every antecedent allegation by reference into each subsequent claim for relief.  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  Such pleadings harm the courts by impeding their ability to administer justice.  *Id.*

6

Plaintiffs filed their motion for leave to amend over five months after Bank Defendants filed their motion to dismiss Plaintiffs' First Amended Complaint. *See Lowe's Home Ctrs.*, 313 F.3d at 1314-15. The proposed Second Amended Complaint contained 14 new claims, many of which were premised on the same conduct that the magistrate found insufficient to sustain the claims from the First Amended Complaint. *See Weaver*, 169 F.3d at 1320. Further, most of the new proposed claims re-alleged and incorporated every preceding paragraph of the proposed complaint. *See Wagner*, 464 F.3d at 1279. Accordingly, the district court did not abuse its discretion in denying Plaintiffs' motion for leave to amend.

## III.

Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan. *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 583 S.E.2d 844, 846 (Ga. 2003). Under the Georgia Code, a properly made tender may be equivalent to performance. O.C.G.A. § 13-4-24. In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt. *Id.* A written proposal to pay money, with no offer of the cash, is not a tender. *Crockett v. Oliver*, 129 S.E.2d 806, 807-08 (Ga. 1963) (citing *Angier v. Equitable Bldg. & Loan Assoc.*, 35 S.E. 64 (Ga. 1900)).

7

The dismissal of any and all of the claims based on the alleged tender was appropriate because Plaintiffs did not make a proper tender.  Plaintiffs sent a notice to BOA offering to tender a payment of $305,500, but no actual money was tendered in the letter.  *See Angier*, 35 S.E. at 64.  As such, Plaintiffs did not make a valid tender, and they cannot obtain equitable relief in the form of cancellation of the Deed.  *See Taylor, Bean & Whitaker Mortg. Corp.*, 583 S.E.2d at 846.  Accordingly, we affirm the district court's dismissal of Plaintiffs' First Amended Complaint, and denial of Plaintiffs' motion for leave to amend.

**AFFIRMED.**