LSREF2 BARON, LLC, Plaintiff,

v.

ALEXANDER SRP APARTMENTS, LLC, Defendant/Third–Party Plaintiff,

v.

Hudson Americas LLC, Third–Party Defendant.

Civil Action No. 1:12–CV–02545–AT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed Oct. 1, 2013.

Lisa Fivars Harper, Taylor, Feil, Harper, Lumsden & Hess, PC, Atlanta, GA, for Plaintiff/Third–Party Defendant.

Andrew Mabon Beal, Beal Law Group, Nicholas Prince Smith, Nicholas P. Smith, Attorney at Law, Atlanta, GA, for Defendant/Third–Party Plaintiff.

### ORDER

AMY TOTENBERG, District Judge.

This matter is before the Court on Defendant and Third Party–Plaintiff Alexander SRP Apartments, LLC's ("Alexander") Motion to Amend its Amended Counterclaim and Third–Party Complaint [Doc. 51] to add additional claims of wrongful foreclosure against Plaintiff LSREF2 Baron, LLC's ("Baron") and Third–Party Defendant Hudson Americas LLC's ("Hudson"). As the Court finds that Alexander's proposed amendment would be futile, its motion for leave to amend is **DENIED.**

### I. PROCEDURAL BACKGROUND

The facts giving rise to this suit stem from a foreclosure conducted by Baron on real and personal property owned by Alexander. (Compl. ¶ 20, Doc. 1.) Baron initiated this suit seeking a post-foreclosure declaratory judgment on July 23, 2012.

(*Id.*) In response, Alexander filed a counterclaim against Baron and a third-party claim against Hudson on August 24, 2012 for wrongful foreclosure. (*See generally* Countercl., Doc. 7 at 12–27.) The Court dismissed Alexander's Counterclaim and Third–Party Complaint on February 12, 2013, but granted Alexander leave to amend. (Feb. 13, 2013 Ord. at 19, 22, Doc. 42, 15 F.Supp.3d 1295, 2013 WL 8335728 (N.D.Ga.2013).) Alexander filed its Amended Counterclaim and Third–Party Complaint on February 28, 2013. (Am. Counterclaim. & 3d Party Compl. ("Am. Countercl."), Doc. 43.) Alexander subsequently filed a motion for leave to amend a second time on May 2, 2013. (Mot. Am. Countercl., Doc. 51.)

### II. DISCUSSION

 Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading (1) once as a matter of course within 21 days after serving it, or (2) 21 days after service of a motion or responsive pleading. Fed. R.Civ.P. 15(a)(1). If a party seeks to amend its pleading outside these times limits, it may do so only by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.; accord Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406–407 (11th Cir.1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). However, the Court may deny leave to amend where the movant unduly delayed seeking amendment, acted in bad faith, or repeatedly failed to cure deficiencies by amendments previously allowed. *Foman,* 371 U.S. at 182, 83 S.Ct. 227. In addition, denial of leave to amend is proper

if the opposing party demonstrates the amendment would be futile or would result in undue prejudice. *Id.; Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir.2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999))).

Alexander seeks leave from this Court to amend its Amended Counterclaim and Third–Party Complaint "to include a claim of wrongful foreclosure on the realty and add to its claim of wrongful foreclosure on the personalty based upon Plaintiff [Baron] and Hudson's lack of authority to foreclose." (Mot. Am. Countercl., at 3–4, Doc. 51.) Alexander alleges that while "there were multiple transfers of the note and multiple assignments of the security instruments, ... none of the documents produced [by Baron] establish that any of the transfers or assignments were executed by an entity that had the proper authority to execute such documents." (*Id.* at 3.) Because of this alleged failure to properly transfer or assign the promissory note and security instruments, Alexander concludes that "Baron did not have the right to foreclose on either Alexander's real or personal property, and the foreclosure was wrongful." (*Id.;* Reply Supp. Mot. Am. Countercl. at 7, Doc. 55 ("A claim for wrongful exercise of a power of sale under OCGA § 23–2–114 can arise when the creditor has no legal right to foreclose." (quoting *Brown v. Freedman,* 222 Ga.App. 213, 474 S.E.2d 73, 75 (1996))).)

Plaintiff Baron and Third–Party Defendant Hudson jointly oppose Alexander's motion for leave to amend. (*See generally* Resp. Mot. Am., Doc. 52.) They assert that the motion "should be denied on the grounds of undue delay and futility." (*Id.* at 3.) With regard to futility, Baron and Hudson assert that Georgia Courts have "rejected the very same argument that Alexander hopes to assert," and that the claims sought to be added would be barred by collateral estoppel. As the Court finds that the claims added by Alexander's proffered amendment would be subject to dismissal under Georgia law, it is unnecessary to reach the issues of undue delay or collateral estoppel.

■ The Georgia Supreme Court recently addressed the issue of whether Georgia law requires "a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the promissory note evidencing the underlying debt." *You v. JP Morgan Chase Bank,* 293 Ga. 67, 743 S.E.2d 428, 429 (2013). The *You* court concluded that holding the promissory note was not a necessary condition for exercising the power of sale. *Id.* Therefore, the issue of whether or not the promissory note executed by Alexander was properly transferred to Baron has no bearing on whether Baron, the holder of the Security Deed, wrongfully foreclosed under O.C.G.A. § 23–2–114. Accordingly, to the extent that the proffered Second Amended Counterclaim and Third–Party Complaint alleges wrongful foreclosure based on failure to properly transfer the promissory note, granting leave to amend would be futile. *See Weaver,* 169 F.3d at 1320.

■ Alexander also seeks to amend its counterclaim and complaint to allege that the security instruments it executed were not validly assigned to Baron prior to the foreclosure. Alexander notes in its reply that even in light of *You,* a party must still at least hold the security instrument to foreclose. (Reply Supp. Mot. Am. Countercl. at 7, Doc. 55. ("Implicit in [*You* ] is that one must at least hold the security deed or the note in order to have the right

to foreclose." (citing *You*, 743 S.E.2d at 429)).)

It would seem rational that if a wrongful foreclosure action can arise for lack of authority to foreclose, *Brown*, 474 S.E.2d at 75, then a plaintiff can challenge the means that a defendant acquired its asserted authority. However, the Georgia Court of Appeals has held that because an assignment of a security deed "is a contract between [the assignor and assignee]," a non-party to the assignment "has no basis to contest the validity of the assignment." *Montgomery v. Bank of America*, 321 Ga.App. 343, 740 S.E.2d 434, 438 (2013), *cert. denied*, No. S13C1177 (Ga. Sept. 9, 2013); *accord Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 890–91 (11th Cir.2013).[1]

As Alexander "lack[s] standing to contest" the assignment of the security instruments to Baron under Georgia law, an amendment to its Amended Counterclaim and Third–Party Complaint to contest the assignment would be futile. *Edward*, 534 Fed.Appx. at 890–91.

As a result, all of the added claims in Alexander's proffered amended complaint would be "subject to dismissal," and therefore the court finds that allowing Alexander to amend its Amended Counterclaim and Third–Party Complaint under Fed. R.Civ.P. 15 would be futile. *Weaver*, 169 F.3d at 1320.

## III. CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendant and Third Party–Plaintiff

Alexander's Motion to Amend its Amended Counterclaim and Third–Party Complaint [Doc. 51].

---

**1.** Alexander identifies a number of cases supporting the proposition that "an assignee must prove that it has properly been assigned the right to sue." (Reply Supp. Mot. Am. Countercl. at 7, Doc. 55 (citing *Hutto v. CACV of Colorado, LLC*, 308 Ga.App. 469, 707 S.E.2d 872, 874 (2011); *Green v. Cavalry Portfolio Serv., LLC*, 305 Ga.App. 843, 700 S.E.2d 741, 742 (2010); *Wirth v. Cach, LLC*, 300 Ga.App. 488, 685 S.E.2d 433, 435 (2009)).) In each of these cases, improper assignment was asserted as a defense to an action by a creditor rather than as grounds for a claim of wrongful foreclosure by the debtor. The Court does not read *Montgomery* as affecting the ability of a debtor to challenge assignments in defense to an action to collect a debt, however these cases are not applicable to the present motion seeking to add an affirmative claim against Alexander.