**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 26, 2019**

# In the Court of Appeals of Georgia

A19A1946. CARDEN v. UNIFUND CCR, LLC.

PHIPPS, Senior Appellate Judge.

We granted this discretionary appeal to consider whether the trial court erred when it granted summary judgment to the creditor Unifund CCR, LLC (Unifund) in this debt collection case. Appellant Sabrina Carden argues that the evidence of the chain of assignment of the credit card debt at issue was incomplete. Construing the record in favor of the debtor, as we must, we conclude that the evidence was insufficient as to the chain of assignment of the debt, and we therefore reverse.

The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee. Further, the writing must identify the assignor and assignee.

(Citations and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009). "To prevail on its motion for summary judgment, [the] movant has the burden of establishing the [absence] of any genuine issue of fact," including Carden's assertion that Unifund is not the real party in interest, and "all doubts are to be resolved against [Unifund]." (Citations and punctuation omitted.) Id. Specifically, Unifund must prove "the jurisdictional fact that it is the real party in interest" in that it is "entitled to collect the debt." Paul S. Milich, Georgia Rules of Evidence (2017-2018 ed.), § 19.15, p. 790; see also *Greenstein v. Bank of The Ozarks*, 326 Ga. App. 648, 650-654 (2) (757 SE2d 254) (2014).

Thus viewed in Carden's favor, the record shows that in September 2013, Unifund filed this action in Fulton County Magistrate Court to collect a credit card debt allegedly assigned to it by Citibank in the principal amount of $6,971.91. Carden answered on November 7, 2013, raising defenses including that Unifund was not the real party in interest because the chain of assignment from Citibank was incomplete. After a trial, the magistrate held that Unifund had not proved its claim. Unifund then appealed to Fulton County State Court.

In November 2015, Unifund moved for summary judgment in the state court, arguing that no material questions of fact remained as to Carden's indebtedness. Attached to Unifund's motion was an affidavit from Jessica Bergholz, Unifund's custodian of records. Bergholz averred that she was familiar with the records "provided to [Unifund] by [Citibank], or its assignee[,]" consisting of "both hard copy information and electronic information . . . generated, stored and maintained in accordance with generally accepted standards in the retail and finance industries[.]" Bergholz also averred that the exhibits attached to the affidavit were "true and accurate copies . . . kept in the ordinary course of business and reflect[ed] [Carden's] obligation to pay" the Citibank balance on an account number ending in 7828, "as evidenced by the Statements of Account, attached hereto as Exhibit 'A.'"

The Bergholz affidavit also states that Citibank had "assigned [Carden's] [a]ccount to Pilot Receivables Management, LLC ('Pilot'), an affiliate company to [Unifund]," and that "[a] copy of the chain of assignment with redacted exhibit is attached as Exhibit 'C.'" The section of the record immediately following the affidavit, however, consists of what appears to be three parts: a "bill of sale and assignment" from Citibank to Pilot of "the Accounts described in Exhibit 1 and the final electronic file[,]" which has no pages or exhibits attached to it, dated June 18,

3

2012; a "bill of sale" from Pilot to Unifund of "the Accounts described on Attachment A and all of Assignor's rights thereto," dated June 27, 2013; and an unmarked series of documents, amounting to more than 30 pages, the first of which notes the redaction of more than 35,000 record items and lists only the account number ending in 7828, with the remainder giving the amount due as well as Carden's name and address. The trial court granted summary judgment to Unifund for $6,971.91 and court costs, and this discretionary appeal followed.

1. Carden asserts that the trial court erred when it granted summary judgment because a question of material fact remains as to the chain of assignment of her debt from Citibank to its successors. We agree.

Although the documents attached to the bill of sale from Pilot to Unifund appear to make out a prima facie case for Carden's indebtedness, the previous bill of sale from Citibank to Pilot does not attach what it describes – that is, "the Accounts described in Exhibit 1," which exhibit does not appear anywhere in the record before us. Nor does Bergholz's affidavit remedy this evidentiary gap; instead, it reproduces it when it claims that it attaches "true and accurate copies . . . kept in the ordinary course of business" reflecting Carden's "obligation to pay" the Citibank balance on an account number ending in 7828, "as evidenced by the Statements of Account,

4

attached hereto as Exhibit 'A,'" even though no such exhibit is attached to the affidavit.

We are obligated to construe the record in favor of Carden as the non-movant, and there is no evidence, apart from the mere contiguity of pages in the record before us, permitting a reasonable inference that Citibank transferred the indebtedness on Carden's account to Pilot. A plaintiff's proof of "its right to collect on an account is more than a pro forma exercise; rather, such proof is necessary for the corporation to establish its prima facie case." *Reeves v. Mohawk Factoring, Inc.*, 261 Ga. App. 629, 630 (583 SE2d 487) (2003). Thus we reversed a grant of summary judgment on a credit card debt in *Wirth*, supra, when an affidavit was contradictory on the assignment of the debt and when "there [was] no contract or [a]ppendix" attached to the bill of sale "which identifie[d] [the debtor's] account number as one of the accounts" the previous creditor assigned to its successor. 300 Ga. App. at 491; see also *Ponder v. CACV of Colorado, LLC*, 289 Ga. App. 858, 859 (658 SE2d 469) (2008) (reversing a grant of summary judgment to a creditor when the record did not support the creditor's allegation that it was the successor in interest to a right to recover an outstanding debt); *Green v. Cavalry Portfolio Svcs.*, 305 Ga. App. 843, 843-844 (700 SE2d 741) (2010) (reversing grant of summary judgment to plaintiff

in suit on automobile sales contract because there was no evidence of a link in the chain of written assignments necessary to establish plaintiff was real party in interest).

Unifund's reliance on OCGA § 24-8-803 (6) is also unavailing. The statute identifies "records of regularly conducted activity," including "data compilation[] in any form," as not excluded by the hearsay rule as long as five criteria of regularity are met. Id. The problem here is not the evidentiary status of the redacted records attached to the second bill of sale, but the absence of evidence connecting the first bill of sale (which contains no attachments of any kind and does not refer to the second bill of sale) to any of the documents that follow it, including the redacted records. See *Vance v. FD 2011-C1 Grove Road Ltd. Partnership*, 340 Ga. App. 36, 38 (1) (795 SE2d 747) (2016) (where an affidavit concerning a promissory note was "inconsistent with the attached payment history, and no explanation was given for the discrepancies," a trial court erred in granting summary judgment to the creditor). Under these circumstances, the trial court erred when it granted summary judgment to Unifund. Id.

2. Our holding in Division 1 moots Carden's remaining assertions of error.

*Judgment reversed. McFadden, C. J., and McMillian, P. J., concur.*

6