**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

November 6, 2013

# In the Court of Appeals of Georgia

A13A1201. DANES v. ROGERS et al.

ANDREWS, Presiding Judge.

Shawn Danes, as administrator of the estate of her husband William Danes, appeals from the trial court's order granting Andee Rogers's and Dan Rivers & Associates' motion for summary judgment. Danes sued Rogers, an insurance agent, and her employer Dan Rivers & Associates (collectively "Rogers") after her husband William was killed while working as a subcontractor on a Georgia DOT project. Danes claimed that her husband asked Rogers to procure worker's compensation insurance coverage for him, but Rogers failed to do so before his death. Shawn Danes alleged negligence, contending that Rogers promised to procure coverage, but did not do so; breach of contract, alleging that Rogers did not procure insurance as she had agreed to do; and, promissory estoppel, claiming that Rogers was estopped from

claiming there was no coverage because she promised to procure worker's compensation insurance for Danes that covered him personally.

Rogers responded that, although William Danes requested worker's compensation insurance for his business, he told her that he did not want to pay for coverage for himself. Rogers filed a motion for summary judgment contending that the evidence was undisputed that Danes told her that he did not want the policy to cover him personally because he could not afford it. The trial court granted the motion. For the reasons that follow, we affirm.

"On appeal from a grant of a motion for summary judgment, we review the evidence de novo in the light most favorable to the nonmovant to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. As the moving party, [Rogers] may do so by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the . . . case." *Burnside v. GEICO Gen. Ins. Co.,* 309 Ga. App. 897, 898 (714 SE2d 606) (2011).

Viewed in the light most favorable to Danes, the record shows that William Danes was killed while working as a subcontractor for Reeves Construction Company

2

on a project for the Georgia DOT. William Danes was the only employee of his company, B&S Grading. In June 2007, Danes first applied with Rogers for worker's compensation for the company. In that application, Danes rejected coverage for himself.[1] Danes cancelled that policy in June 2008.

Rogers testified at her deposition that Danes called her in June 2009 and again requested worker's compensation insurance. He also requested general liability and umbrella policies. Rogers procured the general liability and umbrella policies that William Danes requested, but had not completed the application for the worker's compensation policy at the time of Danes's death. Rogers stated that Danes told her that he could not afford to be covered personally under the worker's compensation policy, and that he "was struggling just to do any of it." She stated that Danes said that he was concerned about the money and wanted to "keep it like it was, and let's just do the minimum premium which would — which would be the exclusion."

After Danes's death, Reeves Construction called Rogers, requesting a certificate of insurance. Reeves did not tell Rogers that Danes had died. Rogers sent a certificate which listed a worker's compensation policy. Under the worker's

---

[1] Apparently it is not unusual for a business owner to exclude himself from coverage and save on premiums. If the company hires additional employees during the project, they would be covered by the worker's compensation policy.

3

compensation listing on the certificate is a question: "Any proprietor/partner/executive officer/member excluded? If yes, describe under Special Provisions below." There is nothing indicated on the certificate. Rogers later wrote on the certificate of insurance "only Reeves" and "does not bind."

Shawn Danes testified that her husband told her that one of the requirements of the job was to have a "million dollars worker's compensation insurance." She said that he told her it would cost thousands of dollars and she felt "sick" because they didn't have any money. She also stated that William told her that he had to be "included on the workers' comp policy." An employee of Reeves Construction testified that Reeves's contract required that William Danes have worker's compensation insurance that covered him personally and that he could not "opt out" of coverage.

The trial court held that the certificate of insurance sent to Reeves was silent as to whether Danes was to be an insured under the policy, and Rogers's unrebutted testimony was that William Danes did not request that he be personally insured on the policy. This appeal followed.

1. Danes claims that the trial court erred in granting Rogers's motion for summary judgment on her claim of negligence. "The essential elements of a

negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff." *Boller v. Robert W. Woodruff Arts Center*, 311 Ga. App. 693, 695 (716 SE2d 713) (2011).

Here, Rogers testified at her deposition that William Danes told her that he wanted the same worker's compensation insurance coverage that he had before and that he could not afford personal coverage under the policy. The burden of production then shifted to Shawn Danes to come forward with evidence that creates a genuine dispute of fact on this issue. See OCGA § 9-11-56; *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828-829 (573 SE2d 389) (2002) ("As we held in *Lau's Corp. v. Haskins,* once a defendant points out that there is an absence of evidence to support the plaintiff's case, the burden then shifts to the plaintiff, who *must* point to specific evidence giving rise to a triable issue.").

Danes claimed that her husband told her that he had to be insured under the policy, but acknowledges that she was not involved in the business, stating "I didn't know anything about it." When asked if she had any personal knowledge of what her husband told anyone at Rivers Insurance about the type of policy he wanted, she

5

replied, "No. I wasn't there." Accordingly, Danes's testimony about what her husband said to Rogers constitutes speculation and conjecture which is insufficient to defeat Rogers's motion for summary judgment. See *Mitchell v. Austin*, 261 Ga. App. 585, 587 (583 SE2d 249) (2003) (evidence to defeat summary judgment must be more than mere possibility or speculation). And, "[a] finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Moore v. Camara*, 317 Ga. App. 651, 653 (732 SE2d 319) (2012). Therefore, because Danes cannot show a breach of a legal duty by Rogers, the trial court properly granted summary judgment on her claim of negligence. See *Boller*, supra at 696.

2. Likewise, because Danes's claims for breach of contract and promissory estoppel are also based on the allegation that William Danes told Rogers that he wanted her to issue a policy that covered him personally, and because Shawn Danes has come forward with no evidence to support this contention, Rogers was entitled to summary judgment on these claims.

3. Danes also argues that the trial court erred in granting summary judgment on the basis of Rogers's testimony, because that testimony was hearsay. The trial court held that the testimony was admissible as original evidence of the alleged

6

contract and to explain conduct. See *Hart v. Groves,* 311 Ga. App. 587, 589 (716 SE2d 631) (2011) (alleged hearsay statement had a relevant nonhearsay use in that it was offered, not to prove the truth of the matter asserted, but to explain conduct — that after Hart received the e-mail, he contacted Groves's uninsured motorist carrier to inquire about the additional coverage under her policy").

Further, "[a] statement that has legal consequences independent of its truth or falsity is considered a 'verbal act' and is not hearsay when those legal consequences are relevant or material to the case. The simplest example is an out-of-court statement establishing or defining the terms of a contract." *Stubbs v. Dubois*, 306 Ga. App. 171, 173, n. 5 (702 SE2d 32) (2010), quoting Milich, Georgia Rules of Evidence (2nd ed.), § 17.6, pp. 352–353. See also *State Farm Mut. Auto. Ins. Co. v. Drawdy*, 217 Ga. App. 236, 237 (456 SE2d 745) (1995) ("State Farm's argument that the . . . employee's testimony as to out-of-court statements made by the State Farm agent constitutes inadmissible hearsay succumbs to the verbal act exception to the hearsay rule."). Accordingly, there was no abuse of discretion in the trial court's consideration of Rogers's deposition testimony.

*Judgment affirmed. Dillard and McMillian, JJ., concur.*