**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 14, 2014**

# In the Court of Appeals of Georgia

A14A1403. THOMAS et al. v. STATE BANK AND TRUST COMPANY.

McFADDEN, Judge.

This appeal challenges the grant of summary judgment to a bank on its claims for breach of two promissory notes and a guaranty. Because the movant bank failed to meet its burden of showing that there exists no genuine issue of material fact that it is the current holder of the notes and guaranty, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a trial court's grant of summary judgment de novo, construing the evidence, and all reasonable conclusions and inferences drawn from it, in favor of the nonmovant." *Clay v.*

*Oxendine*, 285 Ga. App. 50 (645 SE2d 553) (2007) (citations and punctuation omitted).

So viewed, the evidence shows that on July 21, 2009, Stanley Thomas obtained a loan from The Buckhead Community Bank and signed a promissory note promising to repay the principal amount of $355,015. On September 15, 2009, Kevin Case also obtained a loan from The Buckhead Community Bank and signed a promissory note promising to repay the principal amount of $35,686.79. Thomas executed a guaranty to repay Case's note.

The Buckhead Community Bank subsequently failed, and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for the failed bank. On December 4, 2009, the FDIC entered into a Purchase and Assumption Agreement with State Bank and Trust Company, which provided that State Bank desired to purchase certain assets and assume certain liabilities of the failed Buckhead Community Bank, and that the FDIC assigned its interests in the failed bank's assets to State Bank.

On March 25, 2011, State Bank filed the instant action against Thomas and Case, claiming default and seeking recovery under the Buckhead Community Bank promissory notes and guaranty. On March 12, 2012, State Bank filed a motion for

2

summary judgment, claiming that the notes and guaranty had been transferred to it by the Purchase and Assumption Agreement. Thomas and Case opposed the motion, asserting that the bank had not shown it was in fact the holder of the notes and guaranty because the Purchase and Assumption Agreement did not identify the assets transferred and it provided that the actual conveyance of the assets shall be made by a receiver's deed or a receiver's bill of sale, neither of which was present in the record.

On June 26, 2012, a hearing was held on the motion for summary judgment. At the hearing, counsel for State Bank stated that the "receiver's assignment of note and deed to secure debt is part of the real estate records of the clerk of the superior court of Fulton County[.]" She then cited to a county deed book and page number and further stated, "The receiver assignment of note and deed to secure debt was filed of record back in May of 2010. And subject to that assignment of note, all notes and deed to secure debt, financing statements and other collateral were all transferred to State Bank and Trust."

Counsel for the bank gave a copy of the referenced page to counsel for the defense. However, the bank did not tender the document to the court and it was not admitted into evidence. Counsel for Thomas and Case objected to any consideration

3

by the court of the purported assignment record, noting that it had not been certified, and had not been timely filed in support of the motion or served on the defense. Defense counsel further argued that the absence of such an assignment document in the record proved his point that the Purchase and Assumption Agreement itself did not convey the notes and guaranty in question, and thus the bank had not presented proper evidence of the document actually effectuating the transfer of the assets.

The trial court thereafter entered its order granting the motion for summary judgment in favor of State Bank, finding that the notes and guaranty had been transferred to the bank pursuant to the Purchase and Assumption Agreement. Thomas and Case appeal.

1. *Conveyance of notes and guaranty.*

The appellants assert that the trial court erred in granting summary judgment because there exist genuine issues of material fact as to whether the bank proved the notes and guaranty had been conveyed to it and that it is the current holder of the notes and guaranty. We agree.

State Bank argues that the notes and guaranty were conveyed to it by Section 3.1 of the Purchase and Assumption Agreement. Section 3.1 states that the FDIC "hereby sells, assigns, transfers, conveys, and delivers to [State Bank], all right, title,

4

and interest of the [FDIC] in and to all of the assets . . . of the Failed Bank. . . . Schedule 3.1 attached hereto and incorporated herein sets forth certain categories of Assets purchased hereunder."

Contrary to the bank's argument, the plain language of this section assigned the *FDIC's right, title and interest* in the assets of the failed bank, but did not convey the assets themselves. Moreover, it did not identify the specific assets in which the FDIC had an interest; and the referenced Schedule 3.1 likewise did not identify any specific assets. Thus, while Section 3.1 clearly assigned the FDIC's interest in the assets of the failed bank to State Bank, it did not identify the subject notes and guaranty as assets in which the FDIC had an interest and it did not transfer those specific assets to State Bank.

Rather, the actual conveyance of the failed bank's assets is governed by Section 3.3 of the Purchase and Assumption Agreement. We note that this is the only section of the agreement that is given special emphasis by being written in all capital and bolded letters. It provides: "**THE CONVEYANCE OF ALL ASSETS, INCLUDING REAL AND PERSONAL PROPERTY INTERESTS, PURCHASED BY [STATE BANK] UNDER THIS AGREEMENT SHALL BE**

5

**MADE, AS NECESSARY, BY RECEIVER'S DEED OR RECEIVER'S BILL OF SALE**[.]"

It is undisputed that no such receiver's deed or bill of sale is contained in the record. As recounted above, at the summary judgment hearing, counsel for State Bank referred to a receiver's assignment of note and deed, claimed that it had been recorded in a county deed book, and asserted that "subject to that assignment of note, all notes and deed to secure debt, financing statements and other collateral were all transferred to State Bank and Trust." (Emphasis supplied.) However, the bank's counsel did not introduce any such document into evidence and did not ask the court to take judicial notice of the purported county record. Thus, there is no evidence in the record of any receiver's deed, bill of sale or assignment of note and deed showing a transfer of the notes and guaranty that form the basis of State Bank's claims against Thomas and Case.

State Bank attempts to fill this void in the evidence by pointing to the affidavit of Justin Perry, a State Bank employee appointed as an attorney-in-fact by the FDIC, who stated that on December 4, 2009, the assets of the failed Buckhead Community Bank, including the notes and guaranty of Thomas and Case, were transferred to State Bank by the Purchase and Assumption Agreement. However, as explained above,

6

while the Purchase and Assumption Agreement assigned the FDIC's interest in the failed bank's assets to State Bank, it did not actually transfer the assets themselves. Moreover, it does not appear that Perry had any personal involvement in or knowledge of the Purchase and Assumption Agreement since, as he plainly acknowledges in his affidavit, he was not appointed as attorney-in-fact until November 22, 2010, nearly a year after the agreement had been executed. "[I]f it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment." *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 651 (2) (757 SE2d 254) (2014) (citations omitted).

Furthermore, the document appointing Perry as an attorney-in-fact, which was attached as an exhibit to his affidavit, actually contradicts the claim that the notes and guaranty at issue were conveyed by the Purchase and Assumption Agreement. Instead, consistent with Section 3.3 of the agreement, the attorney-in-fact appointment shows that the transfer of such assets was required to be done by instruments other than that agreement. The attorney-in-fact appointment provides that Perry was given the authority to execute, on behalf of the FDIC,

7

all instruments of transfer and conveyance, including but not limited to deeds, assignments, satisfactions, and transfers, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits and supporting documents as may be necessary or appropriate to evidence the sale and transfer of any assets of The Buckhead Community Bank including all loans formerly held by The Buckhead Community Bank to State Bank[.]

In his affidavit, Perry does not aver that he executed any such instruments of transfer and conveyance or that he has personal knowledge of any assets having been so conveyed. Thus, his affidavit provides no evidence that the notes and guaranty were appropriately transferred to State Bank.

In contrast to the deficient evidence in this case was the evidence presented by the assignee bank in *Bobick v. Community & Southern Bank*, 321 Ga. App. 855 (743 SE2d 518) (2013). In that case, we affirmed summary judgment in favor of a bank on its claims for breach of an assigned promissory note where the bank "submitted documents reflecting a complete chain of assignment for the promissory note at issue," including not only the Purchase and Assumption Agreement between the FDIC and the bank, but also "the Assignment Agreement in which the FDIC . . . assigned the promissory notes and security instruments . . . to [the bank]." Id. at 860 (2). See also *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196, 197 (1) (715 SE2d 491) (2011) (summary judgment affirmed where evidence of transfer

8

included written assignment of deed from FDIC to bank and a note allonge attached to the promissory note identifying the bank as assignee).

In this case, there is not such a complete chain of assignment because State Bank has failed to submit any competent evidence of the actual transfer or conveyance of the promissory notes and guaranty upon which it rests its claims. Because the bank has failed to carry its burden of establishing a complete chain of assignment and transfer of the assets at issue, there exists a genuine issue of material fact as to an "essential element[] of [the bank's] case[, and w]e therefore reverse the trial court's order granting summary judgment in favor of [the bank]." *Wirth v. Cash, LLC*, 300 Ga. App. 488, 491 (685 SE2d 433) (2009) (citations and punctuation omitted).

2. *Remaining arguments.*

In light of our holding above, we do not reach the appellants' remaining arguments.

*Judgment reversed. Andrews, P. J., concurs, and Ray, J., concurs in the judgment only.*