**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 2, 2015**

# In the Court of Appeals of Georgia

A15A1383. PATRICK MALLOY COMMUNITIES, LLC et al. v.
  COMMUNITY & SOUTHERN BANK.

BARNES, Presiding Judge.

Patrick Malloy Communities, LLC ("PMC") and J. Patrick Malloy, Jr. appeal the trial court's grant of summary judgment in favor of Community & Southern Bank ("CSB") on CSB's claims for breach of a promissory note and guaranty. The appellants contend that CSB failed to prove, through competent evidence, that CSB had been assigned the rights to the note and guaranty by the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the failed bank that previously held those debt instruments. Consequently, the appellants contend that CSB failed to demonstrate its status as the real party in interest with authority to enforce the note and guaranty. The appellants further argue that discrepancies between an affidavit submitted by CSB and a payment history for the loan account precluded the grant of summary judgment as to the amount of damages owed to CSB.

Because the uncontroverted, competent evidence of record demonstrate that CSB was the assignee of the note and guaranty, we affirm the trial court's grant of summary judgment to CSB on its claim that the appellants were liable for breach of those debt instruments. However, because material discrepancies between the affidavit submitted by CSB and the payment history for the loan create a factual issue over the amount of unpaid principal, interest, and contractual attorney fees owed on the note and guaranty, we reverse the trial court's grant of summary judgment to CSB as to the amount of damages.

"[S]ummary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." (Punctuation and footnote omitted.) *Citrus Tower Boulevard Imaging Center v. David S. Owens, MD, PC*, 325 Ga. App. 1, 1-2 (752 SE2d 74) (2013). See OCGA § 9-11-56 (c). "On appeal from a trial court's grant of summary judgment, we conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party." (Citation and punctuation omitted.) *Bobick v. Community & Southern Bank*, 321 Ga. App. 855, 856 (743 SE2d 518) (2013).

So viewed, the records shows that PMC was a residential real estate developer. On July 22, 2008, in connection with a loan for the purchase and development of a

2

subdivision, PMC entered into a commercial promissory note with First National Bank of Georgia in the principal amount of $3,500,000, plus interest (the "Note"). Malloy, the sole manager and member of PMC, had previously signed an unlimited commercial guaranty in favor of West Georgia National Bank, which later merged into First National Bank (the "Guaranty"). Under the Guaranty, Malloy was obligated to repay all current or future debts owed by PMC to West Georgia National Bank and "its successors and assigns." Following execution of the Note and Guaranty, the loan proceeds were released by First National Bank and properly disbursed.

In January 2010, First National Bank failed and was closed by the Office of the Comptroller of the Currency, and the FDIC was appointed as receiver. On January 29, 2010, the FDIC, acting as receiver, entered into a Purchase and Assumption Agreement under which it transferred assets of First National Bank to CSB, including "Loans" owed to or held by the failed bank (the "P&A Agreement").

The FDIC as receiver later executed an "Assignment of Security Instruments and other Loan Documents" that was recorded in the deed book records of Cherokee County (the "Assignment Agreement"). Under the Assignment Agreement, the FDIC assigned and transferred to CSB all

3

rights, title, and interests in and to all those certain Mortgages, Security Deeds, Deeds to Secure Debt, Deeds of Trust, Assignments of Rents and Leases, UCC-1 financing statements, judgment liens, and all such other instruments and security agreements securing loans owned by First National Bank of Georgia and held of record by First National Bank of Georgia or any of its predecessors (including West Georgia National Bank which was merged into First National Bank of Georgia) as of January 29, 2010 . . . and all modifications, extensions, amendments and renewals thereto (collectively, the "Security Instruments")[,] TOGETHER with all of the underlying debts described in such Security Instruments.

The FDIC further assigned and transferred to CSB all

rights, title and interests in and to the promissory notes, loan documents and all other indebtedness secured by the Security Instruments, as evidenced by related promissory notes, any and all loan agreements, pledges, security agreements and UCC financing statements and all modifications, extensions, amendments and renewals to said documents and instruments together with any and all other loan documents, title policies and casualty insurance policies evidencing, securing or relating to any of the foregoing all of which have been delivered to . . . [CSB].

In accordance with the P&A Agreement and the Assignment Agreement, CSB came into possession of the Note and Guaranty.

PMC failed to pay all of the amounts due under the Note, and Malloy failed to meet his repayment obligations under the Guaranty. CSB then accelerated the amounts due and sent a notice of default to PMC and Malloy (hereinafter, the "appellants"). When the appellants failed to cure the default, CSB sued them for breach of the Note and Guaranty,[1] seeking to recover unpaid principal, interest, late fees, and attorney fees. The appellants answered and alleged, among other things, that CSB was not the real party in interest with authority to enforce the Note and Guaranty.

Following discovery, CSB moved for summary judgment. CSB argued that it had established its prima facie right to recover under the Note and Guaranty, and that the appellants had failed to come forward with any evidence in support of their affirmative defenses or to raise a question of fact challenging the bank's right to recover unpaid principal, interest, and attorney fees.[2] The appellants opposed the motion, arguing that CSB had not established that it was the assignee of the Note and Guaranty or proven the amount of damages it was owed under the loan documents. After conducting a hearing where the parties presented oral argument, the trial court

[1] CSB sued PMC for breach of two additional promissory notes but did not move for summary judgment with respect to them.

[2] CSB did not move for summary judgment on its claim for unpaid late fees owed under the Note and Guaranty.

granted summary judgment in favor of CSB on its claims for breach of the Note and Guaranty and awarded the amount of unpaid principal, interest, and contractual attorney fees sought by CSB in its motion. This appeal followed.

1. In two related enumerations of error, the appellants contend that CSB was not entitled to summary judgment because it failed to establish, through admissible evidence, that it had been assigned the Note and Guaranty by the FDIC as receiver for First National Bank, and thus failed to demonstrate its status as the real party in interest.[3] We disagree.

"Every action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a). See *Greenstein v. Bank of Ozarks*, 326 Ga. App. 648, 650 (2) (757 SE2d 254) (2014). And, under the law of contracts,

> the doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right,

---

[3] Because CSB filed its motion for summary judgment in June 2013, Georgia's revised Evidence Code applies to the evidentiary issues raised in this case. See Ga. Laws 2011, p. 99,§ 101 (revised Evidence Code "shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date"); *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 369 (2), n. 2 (771 SE2d 68) (2015).

> and the assignment must be in writing in order for the contractual right to be enforceable by the assignee.

(Citation and punctuation omitted.) *Bobick*, 321 Ga. App. at 859 (2).

In support of its motion for summary judgment, CSB submitted the amended affidavit of John Harvey, a CSB employee who was appointed as an attorney in fact by the FDIC, which authorized him to execute assignment documents that evidenced the sale and transfer of assets of First National, including all loans held by the failed bank, to CSB pursuant to the P&A Agreement. Harvey stated that the Note and Guaranty had been assigned and transferred to CSB by the FDIC, in its capacity as receiver, pursuant to the P&A Agreement and the Assignment Agreement. Attached as exhibits to the affidavit were the Limited Power of Attorney granted to Harvey by the FDIC as receiver, the P&A Agreement, and the Assignment Agreement.

CSB also submitted the affidavit of Patrick Dowling, a "Senior Workout Specialist for the Resolution Workout Group" with CSB who was familiar with CSB's books and records and maintained its loan files related to the present case. Dowling stated that all the business records associated with the Note and Guaranty had been transferred and delivered to CSB by the FDIC, as receiver for First National Bank, and had been obtained and maintained by CSB as part of the regular course of its business.

Dowling further stated that the originals of the Note and Guaranty, copies of which were attached to his affidavit, were currently in the possession of CSB.

Contending that CSB failed to prove through competent evidence that it was the assignee of the Note and Guaranty, the appellants maintain that the trial court should have disregarded the P&A Agreement and the Assignment Agreement because those documents constituted hearsay, and Harvey failed in his affidavit to lay a proper foundation for their admission under the business record exception to hearsay. See OCGA § 24-8-803 (6) (business record exception). We disagree.

"Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally." (Citation and punctuation omitted.) *Maloof v. MARTA*, 330 Ga. App. 763, 765 (1) (769 SE2d 174) (2015). "All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment." (Footnote omitted.) *Liles v. Innerwork*, 279 Ga. App. 352, 353 (1) (631 SE2d 408) (2006). We will not disturb a trial court's ruling on the admissibility of an alleged hearsay document absent an abuse of discretion. *Maloof*, 330 Ga. App. at 765 (1).

The trial court did not abuse its discretion in considering the P&A Agreement and the Assignment Agreement because neither constituted hearsay. "'Hearsay' means

8

a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (Footnote omitted.) *Blue v. Hemmans*, 327 Ga. App. 353, 358 (1) (759 SE2d 72) (2014) (quoting OCGA § 24-8-801 (c)). But "[a] statement that has legal consequences independent of its truth or falsity is considered a 'verbal act' and is not hearsay when those legal consequences are relevant or material to the case. The simplest example is an out-of-court statement establishing or defining the terms of a contract." (Footnotes omitted.) Paul S. Milich, Georgia Rules of Evidence § 17:6 at 620-621 (2014-2015 ed.). See *Danes v. Rogers*, 324 Ga. App. 504, 507-508 (3) (751 SE2d 135) (2013); *Hampton Island v. Asset Holding Co. 5*, 320 Ga. App. 880, 882 (1) (a) (740 SE2d 859) (2013); *Stubbs v. Dubois*, 306 Ga. App. 171, 173 & n. 5 (702 SE2d 32) (2010). Because the P&A Agreement and the Assignment Agreement define the terms of the contractual relationship between the FDIC as receiver and CSB, the documents constitute "verbal acts" and are not hearsay. See id. The trial court thus committed no error in considering those documents.

The appellants also contend that the trial court erred in considering the statements made by Harvey in his affidavit regarding the FDIC's assignment of the Note and Guaranty to CSB. The appellants emphasize that Harvey was not appointed

9

as an attorney in fact for the FDIC until 2013, but the alleged assignment of the Note and Guaranty occurred in 2010. Because Harvey was not appointed as an attorney in fact for the FDIC until after the assignment, the appellants argue that he lacked personal knowledge of the assignment and that the trial court thus should have disregarded his statements regarding the assignment in his affidavit.

> [W]hile a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge, if it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.

(Citation and punctuation omitted). *Greenstein*, 326 Ga. App. at 651 (2). But even if the trial court should have disregarded Harvey's statements in his affidavit regarding the assignment for lack of personal knowledge, see *Thomas v. State Bank & Trust Co.*, 330 Ga. App. 274, 276-277 (1) (765 SE2d 443) (2014) (physical precedent only), the error was harmless because the other competent evidence of record demonstrated that CSB was the assignee of the Note and Guaranty as a matter of law. See, e.g., *Miller Grading Contractors v. Ga. Federal Sav. & Loan Assoc.*, 247 Ga. 730, 734 (3) (279

SE2d 442) (1981) (noting that, at summary judgment stage of the proceedings, "error which is harmless will not be cause for reversal").

It is undisputed that First National Bank failed and that the FDIC was appointed as receiver for the failed bank with authority to transfer and assign its assets to another bank, including its loan portfolio. See 12 USC § 1821 (d) (2) (G) (i) (II) (granting FDIC power as receiver to "transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment, or consent with respect to such transfer."). And CSB submitted documents reflecting a complete chain of assignment for the transfer and assignment at issue, including the Note, the Guaranty, the P&A Agreement, which listed the FDIC as receiver for First National Bank and assigned "Loans" of First National Bank to CSB, and the recorded Assignment Agreement in which the FDIC as receiver for First National Bank assigned the promissory notes and all other loan-related documents of First National Bank to CSB.[4] Furthermore, CSB submitted the affidavit of Dowling,

[4] The appellants argue that CSB has not shown a complete chain of title because the Guaranty was executed by Malloy in favor of West Georgia National Bank rather than First National Bank. The appellants' argument is without merit. The "lender" on the Guaranty is identified as West Georgia National Bank and "its successors and assigns," and the Assignment Agreement expressly transferred and assigned to CSB all notes and other loan documents held by First National Bank "or any of its

11

CSB's custodian of the loan files at issue, who stated that CSB had acquired the Note and Guaranty from the FDIC as receiver for First National Bank and currently had the original loan documents in its possession.

This combined evidence, which was uncontroverted by the appellants, established a valid assignment of the Note and Guaranty to CSB as a matter of law. See *Bobick*, 321 Ga. App. at 860 (2); *Heritage Constr. Corp. v. State Bank & Trust Co.*, 316 Ga. App. 25, 27 (728 SE2d 703) (2012); *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196, 197 (1) (715 SE2d 491) (2011). Thus, even if the statements regarding the assignment in Harvey's affidavit should have been disregarded, the trial court did not err in granting summary judgment to CSB on its claims for breach of the Note and Guaranty. See id. Compare *Thomas*, 330 Ga. App. at 276-278 (1) (reversing grant of summary judgment in favor of bank where affiant lacked personal knowledge of the assignment, *and* the bank failed to submit documents reflecting a complete chain of assignment for the note at issue, including the assignment agreement).

---

predecessors (including West Georgia National Bank which was merged into First National Bank of Georgia)."

2. The appellants also argue that the trial court erred in granting summary judgment to CSB as to the amount of damages due under the Note and Guaranty. We agree.

"Where a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." *Nelson v. Hamilton State Bank*, 331 Ga. App. 419, 421 (2) (771 SE2d 113) (2015), quoting *Myers v. First Citizens Bank & Trust Co.*, 324 Ga. App. 293, 296 (2) (750 SE2d 378) (2013). Thus, in a suit to enforce a promissory note or guaranty, "the plaintiff has the burden of proving that the defendant is indebted to him in a definite and correct amount." (Citation and punctuation omitted.) Id.

To prove the amount of its damages, CSB relied upon the previously discussed affidavit of Dowling, a bank employee who was familiar with CSB's books and records and maintained the relevant loan files. Dowling stated:

> As of May 22, 2013, [the appellants] owe [CSB] the following amounts of $1,485,845.67 in principal and $315,943.20 in interest. The interest continues to accrue at the rate of $154.78 per day, additionally; [CSB] is entitled to recover fifteen percent of the outstanding principal and interest as attorneys' fees, which equal []$270,268.33.

13

To support his damages calculations, Dowling relied upon the terms of the Note and a payment history for the loan from July 11, 2006 to May 22, 2013,[5] both of which were attached to his affidavit as exhibits.

However, a review of the payment history attached to Dowling's affidavit reveals certain material discrepancies that are not explained. Specifically, Dowling in his affidavit states that interest accrues on the Note at the rate of $154.78 per day, but the payment history identifies the per diem interest rate as $163.68. Moreover, while Dowling states in his affidavit that the principal balance is $1,485,845.67 as of May 22, 2013, the payment history of that date states that the principal balance is $1,571,345.67.

While there may be an explanation for these discrepancies, CSB does not offer one, even though it bears the burden of proving its damages in a definite and certain amount. *Nelson*, 331 Ga. App. at 421 (2). And because the discrepancies are material to the amount of unpaid principal, interest, and contractual attorney fees (which are calculated as a percentage of the principal and interest) owed by the appellants, we conclude that material issues of fact exist as to the amount of damages. Consequently,

---

[5] The Note indicates on its face that it was the renewal of a prior commercial note.

the trial court's grant of summary judgment to CSB as to the amount of damages owed under the Note and Guaranty must be reversed. See *Thomason v. FIA Card Svcs., N.A.*, 330 Ga. App. 603, 605 (768 SE2d 785) (2015) (summary judgment inappropriate in light of inconsistencies between affidavit and the exhibits attached thereto); *Circle K Stores, Inc. v. T. O. H. Assoc.*, 318 Ga. App. 753, 759 (3) (734 SE2d 752) (2012) (discrepancies between figures shown on invoice and in lease created genuine issue of material fact over amount due under lease); *Jackson v. Cavalry Portfolio Svcs.*, 314 Ga. App. 175, 177 (723 SE2d 475) (2012) (discrepancy between account statement and affidavit over the amount of unpaid balance that was due precluded grant of summary judgment to creditor).[6]

*Judgment affirmed in part; reversed in part. Ray and McMillian, JJ., concur.*

---

[6] Compare *Lockwood v. Fed. Deposit Ins. Corp.*, 330 Ga. App. 513, 517-518 (2) (b) (767 SE2d 829) (2014) (reference to "unapplied payments" and "unapplied credits" in payment records, without more, was insufficient to create genuine issue of material fact as to amount of unpaid principal, where bank records otherwise showed "a definite amount outstanding on the principal balance"); *Bogart v. Wisconsin Institute for Torah Study*, 321 Ga. App. 492, 495-496 (3) (739 SE2d 465) (2013) (summary judgment properly granted to creditor where the alleged inconsistencies in the pleadings and evidence were not material to the amount due on the account).