**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 29, 2016**

# In the Court of Appeals of Georgia

A16A2224.  VANCE  et  al.  v.  FD  2011-C1  GROVE  ROAD
    LIMITED PARTNERSHIP.

BOGGS, Judge.

Gene Vance, Cary Rhodes, and Paula Adams, the guarantors of a $1.65 million

loan, appeal from the trial court's grant of summary judgment to FD 2011-C1 Grove

Road Limited Partnership ("Grove") on its claim for damages. Because material

issues of fact remain regarding the amount of those damages, we reverse.

Summary judgment is proper where there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

"On a motion for summary judgment the plaintiff, as movant, has the burden of

establishing the absence or non-existence of any defense raised by the defendant. We

review the grant of summary judgment de novo, construing the evidence in favor of

the nonmovant." (Citations and punctuation omitted.) *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 649 (1) (757 SE2d 254) (2014).

The relevant facts here are undisputed. In 2006, Grove's predecessor in interest, Crescent Bank - Cartersville West, loaned PCG, LLC $1.65 million. The loan was secured by certain real property, and Vance, Rhodes, and Adams were the guarantors for the loan. On April 2, 2013, after PCG defaulted for failing to pay the note upon maturity and the guarantors failed to fulfill their obligation under the guaranty, Grove foreclosed on the property and was the highest bidder at the non-judicial foreclosure sale. The trial court denied Grove's motion to confirm the sale, which would ordinarily prevent Grove from seeking a deficiency judgment. See OCGA § 44-14-161. But the guarantors waived this requirement via language in the guaranties. See *PNC Bank, Nat. Assn. v. Smith*, 298 Ga. 818, 820-821 (3) (785 SE2d 505) (2016) (guarantors may waive condition precedent requirement of confirmation statute); *Nine Twenty, LLC v. Bank of the Ozarks*, 337 Ga. App. 180, 181 (2) (786 SE2d 555) (2016) (same).

Grove subsequently filed a complaint against the guarantors seeking to recover the deficiency owed on the debt, which it claimed included the outstanding principal balance owed on the note of $1,297,112.88, and interest of $498,091.35. The parties

2

filed cross-motions for summary judgment, and following a hearing, the trial court entered a judgment in favor of Grove and against the guarantors in the amount of $1,297,112.88 for outstanding principal, and $845,049.46 in interest and attorney fees. The court entered this judgment after reviewing the "only evidence submitted," the affidavit of Ana Castro, a representative of LNR Partners, LLC, the service provider for the loan. The guarantors now appeal.

1. The guarantors argue that the evidence offered by Grove is "internally inconsistent and fails to establish the purported amount of the debt due." We agree. Castro averred as follows: that 1) the loan history in "Exhibit F,"[1] attached to her affidavit, "shows the history for payments made on the Note and the history of credits given for payments on the Note from the time LNR began servicing the loan;" 2) "LNR did not receive any payments on the Loan after the foreclosure sale;" 3) Exhibit F "shows that the indebtedness evidenced by the Note remains outstanding and that the principal balance of the indebtedness owed on the Note was $1,474,709.11 as of April 2 2013;" and 4) another LNR accounting record, "Exhibit G," "shows that the

[1]Although the loan was made in 2006, LNR's loan history begins on April 5, 2011, with a transaction description of "loan conversion" and an amount of $1,477,520.44. Castro provided no testimony or records for the loan history prior to the date LNR began servicing the loan.

principal balance of the indebtedness owed on the Note was $1,474,709.11 as of April 2, 2013."

As Castro averred, Exhibit G is an LNR payoff statement dated April 2, 2013 showing a principal balance of $1,474.709.11 and a "Payoff Amount" of $1,970,296.01 including fees and interest. But contrary to Castro's assertion that Exhibit F shows that the "principal balance of the indebtedness owed on the Note was $1,474,709.11 as of April 2, 2013," this exhibit, a loan history spreadsheet, shows that the balance on that date was $1,468,903.97, with two regular payments of $11,525.83, a "miscellaneous free credit" of $26,036.10, and a "credit suspense" of $1,610.00, all listed under "unapplied" on the same date. And, although Castro stated that there were no payments made after the foreclosure on April 2, 2013, the loan history shows multiple payments of $11,525.63, and a late-charge waiver of $13,254.44, all with a transaction date of March 5, 2014.

> Where a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty. Thus, in a suit to enforce a promissory note or guaranty, the plaintiff has the burden of proving that the defendant is indebted to him and in a definite and correct amount.

(Citations and punctuation omitted.) *Patrick Malloy Communities, LLC v. Community and Southern Bank*. 334 Ga. App. 76, 82 (2) (778 SE2d 242) (2015). To prove its damages, Grove relied upon the affidavit and loan records provided by Castro. As explained above, her affidavit was inconsistent with the attached payment history, and no explanation was given for the discrepancies. "[B]ecause the discrepancies are material to the amount of unpaid principal, . . . owed by the appellants, we conclude that material issues of fact exist as to the amount of damages." Id. at 83 (2); see also *Jackson v. Cavalry Portfolio Svcs.*, 314 Ga. App. 175, 176-177 (723 SE2d 475) (2012) (summary judgment inappropriate in face of discrepancy between account statement and averment in affidavit of amount due). For this reason, we must reverse the trial court's grant of summary judgment to Grove as to the amount of damages owed under the note and guaranty.

2. The guarantors' remaining enumeration is rendered moot by our holding in Division 1.

*Judgment reversed. Barnes, P. J., and Rickman, J., concur*.