**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 3, 2025**

# In the Court of Appeals of Georgia

A24A1226. HIPPO INSURANCE SERVICES et al. v. ATLANTIC RESTORATION SERVICES, INC.

DOYLE, Presiding Judge.

Atlantic Restoration Services, Inc. ("Atlantic"), sued Hippo Insurance Services d/b/a Hippo Home Insurance and its underwriter Spinnaker Insurance Company (collectively, "Hippo"), seeking to recover payment for water damage mitigation services rendered to Hippo's insured, Amber Dawson.[1] Hippo moved for summary judgment on the ground that Atlantic was not a proper party because any assignment of insurance rights by Dawson was invalid without Hippo's approval. The trial court denied the motion as untimely under a standing order requiring motions for summary judgment to be filed within 30 days of the close of discovery. Because

---

[1] Dawson is not a party to this action.

Hippo's motion was, in substance, a challenge to the real party in interest, a matter in abatement that may be asserted at any time, we vacate the order denying Hippo's motion and remand for further proceedings.

The material record is undisputed. In the late summer or early fall of 2021, Dawson's condominium experienced a plumbing leak that caused damage to her unit. She engaged Atlantic to dry out the impacted areas and remediate any water damage. The Atlantic service agreement contained language stating that Dawson "irrevocably and fully assign[s] and transfer[s] to [Atlantic] all of [Dawson's] legal and equitable rights, title, and interest under all insurance policies arising from claims for the damage [Atlantic] was hired to address. . . , includ[ing] . . . the rights to collect insurance policy benefits and proceeds. . . [and] to sue the insurance company. . . ." On the other hand, it is undisputed that Dawson's homeowner's insurance agreement with Hippo contained the following provision: "Assignment of this policy will not be valid unless we give our consent."

Hippo paid for part of Atlantic's services, but after a dispute arose between Atlantic and Hippo regarding the payment for additional services, Atlantic sued Hippo in June 2022, seeking payment for remediation services it rendered to Dawson. The

complaint alleged, in part, that Dawson had assigned her rights under the Hippo policy to Atlantic. Hippo answered, denying that subject matter jurisdiction existed, that Atlantic was a real party in interest, or that Atlantic had standing; Hippo also explicitly denied the validity of any assignment of Dawson's insurance benefits.

As the parties engaged in discovery, the discovery period was initially set to close on June 5, 2023. In an order entered on June 12, 2023, the trial court extended the discovery period through September 3, and required the parties to submit a proposed consolidated pretrial order by July 5, 2023. In three subsequent consent orders, the trial court extended the time to submit the pre-trial order: first to September 3, then to September 30, and last to November 10. This was due in large part to the fact that Dawson's deposition, originally scheduled for August 30 pursuant to a subpoena, was delayed repeatedly.

Dawson sat for her deposition on November 3, and five days later, on November 8, Hippo filed a motion styled as a motion for summary judgment challenging Atlantic's standing to sue and asserting that Dawson's assignment of rights to Atlantic was invalid under the insurance policy. On November 13, the parties filed a consolidated pre-trial order, and on the same day, the trial court entered an

order denying Hippo's motion on the ground that it was filed "156 days after the discovery period closed" on June 5, 2023, despite the earlier order extending discovery through September 3, 2023. The court cited a standing order requiring motions for summary judgment to be filed no later than 30 days after the close of discovery.[2]

Hippo moved the court to reconsider the denial of its motion for summary judgment, and the court denied reconsideration. The court then certified its ruling for

---

[2] Although we do not reach the propriety of the trial court's reliance on the standing order, we note that under Uniform Superior Court Rule 1.2 (E),

> courts may promulgate standing orders . . . only if actual notice of such order is provided to all parties. . . . "Actual notice" shall be deemed to have been satisfied by providing copies of such orders to attorneys and pro se litigants, service by a party upon opposing parties and publicized dissemination in such locations as the offices of the clerks of court, law libraries, legal aid societies and public libraries. *Mere filing of standing orders and posting in prominent places in the courthouse shall not suffice as actual notice.* [Emphasis supplied.]

Trial courts should take precautions to make sure that all parties receive actual notice of standing orders.

4

immediate review, and this Court granted Hippo's application for interlocutory review.

1. Hippo contends that the trial court erred because it was entitled at any time to challenge Atlantic's standing to sue as the real party in interest under the insurance contract. This presents a question of law, which we review de novo.[3] Based on the substance of Hippo's motion, challenging the assignment of Dawson's rights under the insurance contract to Atlantic, we agree.

OCGA § 9-11-17 (a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." And "[t]he doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it."[4]

Here, Atlantic's standing to sue on the insurance contract as a real party in interest depends on the assignment from Dawson, which Hippo challenged in its motion. Although Hippo styled its motion as a motion for summary judgment,

---

[3] See, e.g., *EMJ Constr., LLC v. Beacon Sales Acquisition, Inc.*, 373 Ga. App. 453, 455 (908 SE2d 699) (2024) (holding that summary judgment and contract construction present questions of law reviewed de novo).

[4] (Punctuation omitted.) *Sanders v. TD Auto Finance, LLC*, 366 Ga. App. 376, 378 (1) (883 SE2d 53) (2023). See also *Patrick Malloy Communities., LLC v. Community & Southern Bank*, 334 Ga. App. 76, 79 (1) (778 SE2d 242) (2015) (analyzing privity as a basis for determining the real party in interest).

"pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature."[5] Despite the style used by Hippo, the motion was a direct challenge to Atlantic's ability to sue Hippo under the insurance contract based on the assignment that Hippo argued was invalid.[6] Such a challenge to a party's status as the real party in interest "is a matter of abatement . . . , [and a]n objection on this ground may be made at any time up to and including a trial on the merits."[7] Therefore, the motion presented a matter of abatement that was properly

---

[5] (Punctuation omitted.) *Born v. Born*, 364 Ga. App. 511, 517 (1) (874 SE2d 846) (2022). See also *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 885 (655 SE2d 605) (2008) (clarifying the substance of an order improperly styled as a ruling on summary judgment).

[6] Cf. *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 744 (824 SE2d 644) (2019) ("[A]s a general rule, a plaintiff [in tort] does not have standing to bring a direct action against a defendant's insurance company unless the plaintiff has obtained a judgment against the defendant that remains unsatisfied.") (punctuation omitted).

[7] (Citations and punctuation omitted.) *Golden Pantry Food Stores, Inc. v. Lay Bros., Inc.*, 266 Ga. App. 645, 651 (3) (597 SE2d 659) (2004). See also *Rigdon v. Walker Sales & Svc., Inc.*, 161 Ga. App. 459, 462 (2) (f) (288 SE2d 711) (1982) (addressing a contract assignment and noting that "a real-party-in-interest objection is similar to the defense of failure to join an indispensable party . . . and may be made at any time up to and including a trial on the merits."). Compare *Heritage Constr. Corp. v. State Bank & Trust Co.*, 316 Ga. App. 25, 25-26 (728 SE2d 703) (2012) (reviewing the grant of summary judgment and holding that no fact question remained as to the chain of title in a series of loan assignments).

before the trial court rather than an untimely filed motion for summary judgment on the merits of the case.

Accordingly, the trial court erred by denying the motion as untimely five days after Hippo filed it. This precluded Atlantic from responding to the motion,[8] and the trial court failed to hold a hearing on the merits. Accordingly, because the motion was never adequately addressed by the parties, and the merits were not ruled upon by the trial court, we vacate the order denying Hippo's motion and remand for proceedings consistent with this opinion.

2. Hippo's remaining enumerations are moot.[9]

*Judgment vacated and case remanded. Hodges and Watkins, JJ., concur.*

---

[8] See generally OCGA § 9-11-17 (a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.").

[9] In light of our ruling herein, Hippo's challenge in this Court to the supplementation of the record with correspondence from the trial court is denied as moot.